UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

NICHOLAS ROBINSON,

                              Plaintiff,                    Civil Action No.
                                                      9:22-CV-0023
                v.                                 (GLS/CFH)

BROOME COUNTY SHERIFF et al.,

                              Defendants.
_____

APPEARANCES:                                              OF COUNSEL:

NICHOLAS ROBINSON
22-B-0369
Plaintiff, pro se
Greene Correctional Facility
P.O. Box 975
Coxsackie, NY 12051

GARY L. SHARPE
Senior United States District Judge

**DECISION AND ORDER**

**I.    INTRODUCTION**

Pro se plaintiff Nicholas Robinson, an inmate currently in the custody of the New York State Department of Corrections and Community Supervision, commenced this action or about January 12, 2022, with the filing of a complaint. Dkt. No. 1. On March 28, 2022, the Court issued a Decision and Order granting plaintiff's application to proceed in the action in forma pauperis (IFP) and conditionally dismissing the complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915 ("Section 1915") and 28 U.S.C. § 1915A ("Section 1915A") unless plaintiff filed an amended complaint that corrected the complaint's pleading defects. See Dkt. No. 4 ("March Order"). Plaintiff availed himself of

the opportunity amend, and the Court received an amended complaint on June 2, 2022. Dkt. No. 9. The Clerk has now forwarded the amended complaint to the Court for review pursuant to Sections 1915 and 1915A.

## II.  DISCUSSION

### A.  Governing Legal Standard

The legal standard governing the Court's review of a pleading pursuant to Sections 1915 and 1915A was discussed at length in the March Order and will not be restated in this Decision and Order. *See* March Order at 2-4.

### B.  Summary of the Amended Complaint

At all times relevant to the claims in this action, plaintiff was confined in Broome County Jail, a facility operated by the Broome County Sheriff's Department. Am. Compl. at 4. Plaintiff was a pretrial detainee in Broome County Jail between June 6, 2020, and February 10, 2022. *Id.* The following facts are as alleged in the amended complaint.

In May 2021, plaintiff complained to defendant Doctor Husain about "limited mobility in his knee, causing [him] difficulty in his ability to sleep and mobilize himself, and causing him constant pain." Am. Compl. at 4. Defendant Husain prescribed weekly physical therapy for plaintiff at that time. *Id.* Plaintiff did not receive physical therapy, however, until three months later, and received additional therapy thereafter more sporadically throughout his detention in Broome County Jail. *Id.* at 4-5. Defendant Broome County Jail Nurse Administrator Mary Rose is "responsible for facilitating the scheduling of medical appointments." *Id.* at 5. Defendant Broome County Jail Medical Director "fail[ed] to properly supervise [defendant] Husain[ and defendant] Rose." *Id.* at 6.

In addition to the defendants mentioned above, the amended complaint also names the Broome County Sheriff as a defendant.[1] Liberally construed, the amended complaint asserts Fourteenth Amendment deliberate medical indifference claims against the defendants.[2] Am. Compl. at 5-8. For a complete statement of plaintiff's claims, reference is made to the amended complaint.

**C.     Analysis**

Plaintiff's claims are brought pursuant to 42 U.S.C. § 1983 ("Section 1983"), which establishes a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. "Section 1983 itself creates no substantive rights[ but] provides . . . only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James,* 13 F.3d 515, 519 (2d Cir. 1993).

A pre-trial detainee's claim for deliberate medical indifference is analyzed under the Fourteenth Amendment. *Bruno v. City of Schenectady*, 727 F. App'x 717, 720 (2d Cir. 2018); accord, *Sims v. City of New York*, 788 F. App'x 62, 63 (2d Cir. 2019). To state a claim, a complaint must allege satisfy (1) "an objective prong showing that the challenged conditions were sufficiently serious to constitute objective deprivations of the right to due process," and (2) "a subjective prong showing that the defendants acted with at least deliberate indifference

---

[1] The Court takes judicial notice that David Harder is the current Sheriff for Broome County. Broome County New York, https://www.gobroomecounty.com/sheriff (last visited July 25, 2022). Accordingly, the Clerk is respectfully directed to add David Harder's name to the docket.

[2] The amended complaint invokes the Eighth Amendment as a source of plaintiff's causes of action in this case. *See* Am. Compl. at 5-7. Plaintiff's status as a pretrial detainee at the time the events giving rise to this action occurred, however, render the Eighth Amendment inapplicable. *See Bruno v. City of Schenectady*, 727 F. App'x 717, 720 (2d Cir. 2018). Mindful of the obligation to "interpret [a pro se litigant's] complaint to raise the strongest claims that it suggests," *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (internal quotation marks and alterations omitted), the Court has construed the allegations set forth in the amended complaint as asserting claims under the Fourteenth Amendment only.

to the challenged conditions." *Sims*, 788 F. App'x at 63 (internal quotation marks and alterations omitted).

"The serious medical needs standard contemplates a condition of urgency such as one that may produce death, degeneration, or extreme pain." *Charles v. Orange County*, 925 F.3d 73, 86 (2d Cir. 2019).  In cases like this one, where the allegations amount to a delay in medical treatment (rather than a complete deprivation of treatment), courts look at the particular risk of harm faced by an inmate due to the delay in treatment, rather than the severity of the inmate's underlying medical condition.  *See Smith v. Carpenter*, 316 F.3d 178, 185-86 (2d Cir. 2003); *see also Benjamin v. Pillai*, 794 F. App'x 8, 11 (2d Cir. 2019) (distinguishing between cases where the prisoner is denied all medical care with those where the prisoner alleges a temporary delay or interruption in care).

With respect to the second prong, "an official does not act in a deliberately indifferent manner toward an arrestee unless the official 'acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Bruno*, 727 F. App'x at 720 (emphasis omitted) (quoting *Darnell v. Pineiro*, 849 F.3d 17, 35 (2d Cir. 2017)).

With due regard to plaintiff's pro se status, the amended complaint fails to plausibly allege both the objective and subjective elements of his medical indifference claims.  Working in reverse order, the amended complaint fails to plausibly allege that any of the named defendants knew, or should have known, that the delay or interruption in physical therapy for plaintiff's undiagnosed and vaguely described knee condition would pose an excessive risk to plaintiff's health.  The amended complaint alleges that only defendant Husain learned of

4

plaintiff's generally described complaints of pain and limited mobility. Am. Compl. at 4. There are no allegations that any of the other defendants learned of these symptoms, or, even assuming each of them were aware, that these vaguely described symptoms give rise to the type of serious health risk the Fourteenth Amendment contemplates. *See, e.g.*, *Feliciano v. Anderson*, No. 15-CV-4106, 2017 WL 1189747, at *13-14 (S.D.N.Y. Mar. 30, 2017) (concluding that the allegations against each of the defendants, including an allegation that the doctor-defendant instructed the plaintiff to rinse out of his eye in response to the plaintiff's complaint of "sharp pain," was not sufficient to plausibly allege that the defendants knew, or should have known, that the delay in treatment would put the plaintiff's "health in jeopardy"); *Jones v. Westchester County*, 182 F. Supp. 3d 134, 156 (S.D.N.Y. 2016) ("Plaintiff cannot satisfy the subjective element of a deliberate indifference claim as he provides no allegations that any Defendant – at this time subsequent to his initial fall and treatment – was aware that he was in 'great pain' or even that he wished to have an MRI or other medical treatment.").

As for the objective inquiry of plaintiff's claims against the defendants, while it is clear from the allegations that defendant Husain prescribed weekly physical therapy for plaintiff's knee condition, and that plaintiff received intermittent physical therapy during his confinement in Broome County Jail, there are no allegations plausibly suggesting that the scattered appointments seriously exacerbated plaintiff's condition or increased his risk of excessive harm. *See Charles*, 925 F.3d at 86 ("In most cases, the actual medical consequences that flow from the denial of care are highly relevant in determining whether the denial of [or delay in] treatment subjected the detainee to a significant risk of serious harm."). Instead, the amended complaint describes only a general "degeneration of his knee," "protracted pain," and "insomnia" as a result of the irregular physical therapy appointments. *See, e.g.*, Am.

Compl. at 7. These vague descriptions of his condition do not distinguish themselves from the original symptoms that plaintiff explained to defendant Husain in May 2021, which included "limited mobility," "difficulty in his ability to sleep," and "pain." *Id.* at 4. *See, e.g.*, *Dinkins v. Gustave*, No. 19-CV-2336, 2022 WL 1051110, at *12 (S.D.N.Y. Jan. 12, 2022), *report and recommendation adopted in relevant part by* 2022 WL 884969 (S.D.N.Y. Mar. 25, 2022) (recommending dismissal of the plaintiff's Fourteenth Amendment medical indifference claim because, inter alia, there was no "evidence that [the plaintiff's] condition worsened because of any delay in seeing a doctor"); *Hamilton v. Westchester Dep't of Corrs.*, No. 19-CV-3838, 2020 WL 4271709, at *6 (S.D.N.Y. July 23, 2020) (finding that the plaintiff's allegations of pain in his lower back, knee, and finger were not sufficiently alleged to be attributable to the alleged delay in adequate medical treatment).

Because the amended complaint fails to plausibly allege both that plaintiff suffered an objective, sufficiently serious deprivation of medical care and that defendants were deliberately indifferent toward plaintiff's medical condition, his claims are dismissed for failure to state a claim upon which relief may be granted pursuant to Sections 1915(e)(2)(B)(ii) and 1915A(b)(1).

### III. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the Clerk shall add "David Harder" to the docket as the Broome County Sheriff; and it is further

**ORDERED** that plaintiff's amended complaint (Dkt. No. 15) is accepted for filing purposes only, but that all claims asserted therein are **DISMISSED** for failure to state a claim

upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1); and it is further

**ORDERED** that the Clerk enter judgment dismissing this action and close the matter; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff in accordance with the Local Rules of Practice for this Court.

**IT IS SO ORDERED.**

July 25, 2022
Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
Senior U.S. District Judge